IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No.: 4:17-cv-50

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JAMES THOMAS, MONEY ENTERPRISE, LLC, ALONZA PRICE, DEXTER CAIN, and MARCUS MOYE, | ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT AND RESCISSION**

Plaintiff, Nautilus Insurance Company ("Nautilus"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57, hereby seeks a Declaratory Judgment against Defendants James Thomas ("Thomas"), Money Enterprise, LLC ("Money Enterprise"), Alonza Price ("Price"), Dexter Cain ("Cain"), and Marcus Moye ("Moye"), for purposes of determining a question of actual, immediate controversy between the parties. Nautilus respectfully shows the Court as follows:

**PARTIES**

1. At all pertinent times to this action, Plaintiff Nautilus was, and still is, a company organized and existing under the laws of the State of Arizona with its principal place of business in Scottsdale, Arizona.

2. Upon information and belief, Defendant Money Enterprise is a limited liability company organized and existing under the laws of the State of North Carolina with its principal place of business in Pitt County, North Carolina.

3. Upon information and belief, Defendant Thomas is a citizen and resident of Pitt County, North Carolina.

4. Upon information and belief, Defendant Price is a citizen and resident of Pitt County, North Carolina.

5. Upon information and belief, Defendant Cain is a citizen and resident of Pitt County, North Carolina.

6. Upon information and belief, Defendant Moye is a citizen and resident of Pitt County, North Carolina.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the Plaintiff and the Defendants and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest, attorneys' fees, and costs.

8. Venue is proper in the United States District Court for the Eastern District of North Carolina, Eastern Division, because at least one Defendant resides in this District and because the events giving rise to the basis of the Underlying Lawsuit occurred in this District.

## NATURE OF CLAIM

9. This is an action for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57, for the purpose of construing and interpreting the terms of an insurance contract and for a determination of the rights and obligations, if any, of the parties arising from a commercial general liability policy, Policy No. NN443277, issued by Nautilus to Thomas for the period May 1, 2015 to May 1, 2016 (the "Policy").

10. An actual, present, and existing controversy exists among the parties to this lawsuit regarding the rights and obligations, if any, of the parties with respect to an underlying

tort lawsuit, styled *Dexter A. Cain and Marcus A. Moye v. Money Enterprise, LLC, James Thomas, and Alonza Price*, Case No. 17 CVS 105 (the "Underlying Lawsuit"), now pending in the General Court of Justice, Superior Court Division, Pitt County, North Carolina.

11. All conditions precedent to the filing of this action have been performed or have occurred.

12. Count I of this Complaint seeks rescission of the Policy issued by Nautilus to Thomas due to material misrepresentations and/or omissions by Thomas on the application for insurance submitted to Nautilus.

13. In the alternative to Count I, Count II of this Complaint seeks a judgment declaring that Money Enterprise and Price are not insureds under the Policy, and therefore are not entitled to a defense or indemnity from Nautilus with respect to the Underlying Lawsuit.

14. Also in the alternative to Count I, Count III of this Complaint seeks a judgment declaring that the allegations of the Underlying Lawsuit are precluded from coverage based upon the Limitation Of Coverage To Designated Operations Endorsement, and therefore Nautilus has no duty to defend or indemnify the Defendants in the Underlying Lawsuit.

15. In the alternative to all preceding Counts, Count IV of this Complaint seeks a judgment declaring that coverage for the allegations in the Underlying Lawsuit is limited based upon the Punitive or Exemplary Damages Exclusion.

16. In addition to the foregoing Policy provisions, Nautilus pleads all other conditions, terms, warranties, limits, definitions, and exclusions of the Policy, which also may be found applicable, and Nautilus reserves the right to amend its Complaint for Declaratory Judgment and Rescission as additional and/or more specific information becomes available.

## THE APPLICATION

17. Thomas submitted a Commercial Insurance Application (the "Application") for a commercial lines insurance policy to Nautilus, attached hereto as **Exhibit "A."**

18. The Application represented that (1) no crimes had occurred or been attempted on the proposed insured's premises within the last three years and (2) no parking facilities were either owned or rented by the proposed insured.

19. On April 20, 2015, Thomas signed the Application, and in reliance on the representations therein, Nautilus issued Policy No. NN443277 for the period May 1, 2015 to May 1, 2016 (the "Policy"), with Defendant Thomas listed as the named insured ("Insured"). A copy of the Policy is attached hereto as **Exhibit "B."**

20. On January 17, 2017, Cain and Moye filed a complaint in Pitt County Superior Court (the "Complaint") against Money Enterprise, Thomas, and Price in a lawsuit styled *Dexter A. Cain and Marcus A. Moye v. Money Enterprise, LLC, James Thomas, and Alonza Price*, Case No. 17 CVS 105 (the "Underlying Lawsuit"). A copy of the Complaint is attached hereto as **Exhibit "C."**

21. Nautilus retained counsel for Thomas and is providing Thomas with a defense in the Underlying Lawsuit subject to a reservation of rights under the Policy. Neither Money Enterprise nor Price have tendered a claim to Nautilus.

## THE POLICY

22. The Policy provides commercial general liability ("CGL") coverage to the "insured," subject to certain terms, conditions, limitations, and exclusions.

23. The Policy's Declarations list "James Thomas" as the named insured. (Ex. A, Form E001 (04/09).)

24. The Policy's Declarations also list the "Location of Premises" as "1311 W 5th Street[,] Greenville[,] NC 27834." (Ex. A, Form S150 (07/09).)

25. Coverage A of the Policy's CGL Coverage Form provides that Nautilus "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . caused by an 'occurrence,'" provided that the "bodily injury" "occur[red] during the policy period." (Ex. A, Form CG 00 01 12 04.)

26. The Policy includes as an insured the named insured, James Thomas, and his spouse, "but only with respect to the conduct of a business of which [he is] the sole owner." (Ex. A, Form CG 00 01 12 04.) The Policy further includes as an insured "volunteer workers" and "employees" of the named insured, "but only for acts within the scope of their employment" or "while performing duties related to the conduct of your business." (Ex. A, Form CG 00 01 12 04.) The Policy specifically excludes as an insured any newly acquired "partnership, joint venture, or limited liability company." (Ex. A, Form CG 00 012 12 04.)

27. In addition to the above terms, the Policy contains endorsements that alter the terms of the Policy and exclusions that preclude or limit coverage under the Policy.

28. Pursuant to the Limitation Of Coverage To Designated Operations Endorsement, the Policy excludes coverage for "'bodily injury' . . . arising out of, or in any way related to operations performed by any insured or any person or organization for whom any insured may be legally or contractually responsible, unless such operations are 'designated operations.'" (Ex. A, Form L240 (06/07).) "Designated operations" means "only those operations performed by any insured that are described on the General Liability Coverage Part Declarations, the endorsements, or supplements of this insurance." The Coverage Part Declarations identify the Insured's "Business Description" as "BAR-LRO." The Declarations further list the

classification of operations as "Building or Premises – Bank or Office – Mercantile or Manufacturing – Maintained by the Insured (Lessor's Risk Only) (For Profit) (Including Products and/or Completed Operations)." (Ex. A, Form S150 (07/09).)

29. Pursuant to the Punitive Or Exemplary Damages Exclusion, the Policy's coverage "does not apply to punitive or exemplary damages." (Ex. A, Form L217 (06/07).)

## CAIN'S AND MOYE'S COMPLAINT

30. According to the Complaint, Money Enterprise, Thomas, and Price operated a "hip hop nightclub," named "Club Faiz," at 1311 W Fifth Street, Greenville, North Carolina 27834 (the "Premises"). (Ex. B, ¶ 12.)

31. The Premises contained a parking lot. (See Ex. B, ¶ 67.)

32. The Complaint alleges that there have been hundreds of incidents of criminal activity reported to the Greenville Police Department as occurring on the Premises since November of 2007. (Ex. B, ¶ 17.)

33. The Complaint alleges that despite the numerous criminal incidents at the Premises, Money Enterprise, Thomas, and Price failed to provide adequate security at the Premises. (Ex. B, ¶¶ 22-28.)

34. The Complaint alleges that at approximately 2:30 AM on December 26, 2016, Cain and Moye were exiting Club Faiz when they were approached by one or more individuals who had been conspicuously waiting for some patron of Club Faiz to exit the club, that the individuals initiated a confrontation with Cain and Moye, and that one or more of the individuals produced a handgun and shot both Cain and Moye. (Ex. B, ¶¶ 30, 33-35, 37.) As a result of the shooting, Cain and Moye allegedly sustained bullet wounds and severe bodily injuries. (Ex. B, ¶ 39.)

6

35. Cain and Moye bring claims for inadequate security against Money Enterprise and Thomas, negligent management against Money Enterprise and Price, negligence against Money Enterprise and Thomas, and punitive damages against Money Enterprise, Price, and Thomas.

36. With respect to the claim of inadequate security against Money Enterprise and Thomas, the Complaint alleges that Money Enterprise and Thomas were negligent in that they (1) failed to use reasonable care to provide security; (2) failed to adequately secure or control access to the Premises; (3) failed to adequately monitor activity on the Premises; (4) failed to provide adequate security in light of the numerous previous incidents at the Premises; (5) failed to use preventative technology and equipment in order to provide adequate warning that an armed individual was on the Premises; and (6) were otherwise negligent. (Ex. B, ¶¶ 46, 49.)

37. As a result of these alleged breaches, Cain and Moye claim that they have suffered severe and permanent injuries, including severe emotional distress, substantial medical expenses, lost wages, severe bodily injury, and permanent disablement. (Ex. B, ¶¶ 47-48, 51.)

38. With respect to the claim for negligent management against Money Enterprise and Price, the Complaint alleges that they (1) failed to use reasonable care in providing security at the Premises; (2) failed to adequately control access to the Premises; (3) failed to provide adequate security; (4) failed to adequately monitor the grounds of the business; (5) violated the standard of care of protecting business visitors; (6) failed to take additional security measures in light of the numerous previous incidents at the Premises; (7) failed to use reasonable care in managing the Premises to provide adequate security; and (8) were otherwise negligent. (Ex. B, ¶¶ 57-58.)

39. As a result of these alleged breaches, Cain and Moye claim that they have suffered severe and permanent injuries, including severe emotional distress, substantial medical expenses, lost wages, severe bodily injury, and permanent disablement. (Ex. B, ¶¶ 59-60.)

40. With respect to the claim for negligence against Money Enterprise and Thomas, the Complaint alleges that they had non-delegable duties to (1) provide a safe workplace for employees and business environment for visitors; (2) warn employees and/or invitees of hidden perils; (3) conduct reasonable safety evaluations and/or inspections, and/or correct unsafe conditions; (4) ensure that the Premises were safe or warn visitors and invitees of non-obvious hazards; and (5) other duties to be proven at trial. (Ex. B, ¶¶ 63-64.) The Complaint alleges that Money Enterprise and Thomas were grossly, willfully, and wantonly negligent in that they intentionally (1) ignored numerous previous incidents that presented an immediate threat to the visitors of the property; (2) failed to take reasonable care in providing the necessary security at the Premises; (3) failed to monitor and secure the Premises and parking lot; (4) failed to utilize personnel to monitor the parking lot and Premises to prevent dangerous individuals from loitering; (5) failed to take additional security measures in light of the numerous previous incidents at the Premises; and (6) were otherwise grossly negligent. (Ex. B, ¶ 67.)

41. As result of these alleged breaches, Cain and Moye claim that they have suffered severe and permanent injuries, including severe emotional distress, substantial medical expenses, lost wages, severe bodily injury, and permanent disablement. (Ex. B, ¶¶ 69-70.)

42. With respect to the claim for punitive damages against Money Enterprise, Thomas, and Price, Cain and Moye allege that defendants acted willfully, wantonly, and with gross negligence by intentionally (1) failing to take minimal steps to prevent individuals from entering the Premises with a weapon; (2) failing to take minimal steps to prohibit dangerous

individuals from loitering and clearly stalking business visitors; (3) failing to warn invitees of the danger that Club Faiz presented; (4) failing to use necessary safety and security measures; (5) failing to have a security team in place during business hours; (6) failing to request assistance from the Greenville Police Department; (7) failing to otherwise improve security; and (8) were otherwise grossly negligent. (Ex. B, ¶ 72.)

43. As a result of these alleged breaches, Cain and Moye claim that they have suffered severe and permanent injuries, including severe emotional distress, substantial medical expenses, lost wages, severe bodily injury, and permanent disablement. (Ex. B, ¶¶ 69-70.)

## COUNT I – DECLARATORY JUDGMENT FOR RESCISSION

44. Nautilus adopts and incorporates by reference all the allegations contained in Paragraphs 1 through 43 as though fully set forth herein.

45. Nautilus, pursuant to the Declaratory Judgment Act 28, U.S.C. §§ 2201-2202, seeks a declaratory judgment that it may rescind the Policy based upon Thomas's material misrepresentations and/or omissions in the Application for the Policy and that Nautilus thus does not have any obligation to provide a defense to or indemnify Money Enterprise, Thomas, or Price with respect to the Underlying Lawsuit. Such a declaration will confer certain on the parties with respect to their rights and obligations under the Policy and will therefore serve the interest of justice.

46. Upon information and belief, Thomas made material misrepresentations and/or omissions on the Application for the Policy related to whether any crime had occurred or been attempted at the premises within the previous three years and whether the Insured owned or rented any parking facilities.

47. Nautilus relied upon and was influenced by these representations in evaluating the risk of issuing the Policy and fixing the rate of the premium under the Policy.

48. Nautilus contends it is entitled to rescind the Policy pursuant to N.C. Gen. Stat. § 58-3-10 and other applicable law.

WHEREFORE, Plaintiff Nautilus prays that this Honorable Court:

(a) enter a declaratory judgment declaring that Plaintiff Nautilus may rescind the Policy pursuant to N.C. Gen. Stat. § 58-3-10 and other applicable law;

(b) enter a declaratory judgment declaring that Plaintiff Nautilus has no duty defend or to indemnify Defendants Thomas, Money Enterprise, or Price for the claims asserted against them in the Underlying Lawsuit;

(c) award Plaintiff Nautilus the cost of this action; and

(d) award any other relief the Court deems just and proper.

## COUNT II – DECLARATORY RELIEF

48. Nautilus adopts and incorporates by reference all allegations contained in Paragraphs 1 through 43 as though completely and fully set forth herein.

49. Strictly in the alternative to Count 1, pursuant to Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Nautilus seeks a judicial declaration of its rights and duties, if any, to Money Enterprise and Price under the Policy with respect to the Underlying Lawsuit. Such a declaration will confer certain on the parties with respect to their rights and obligations under the Policy and will therefore serve the interest of justice.

50. Nautilus contends Money Enterprise and Price do not qualify as "insureds" under the Policy, and therefore that neither Money Enterprise nor Price are entitled to a defense or indemnity with respect to the Underlying Lawsuit.

WHEREFORE, Plaintiff Nautilus prays this Honorable Court:

(a) enter a declaratory judgment declaring that Plaintiff Nautilus has no duty to defend Defendants Money Enterprise and Price with respect to the Underlying Lawsuit;

(b) enter a declaratory judgment declaring that Plaintiff Nautilus has no duty to indemnify Defendants Money Enterprise and Price with respect to the Underlying Lawsuit;

(c) award Plaintiff Nautilus the costs of this action; and

(d) award any other relief the Court deems just and proper.

## COUNT III – DECLARATORY RELIEF

51. Nautilus adopts and incorporates by reference all allegations contained in Paragraphs 1 through 43 as though completely and fully set forth herein.

52. Strictly in the alternative to Count I, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Nautilus seeks a judicial declaration of its rights and duties under the Policy with respect to the Underlying Lawsuit. Such a declaration will confer certain on the parties with respect to their rights and obligations under the Policy and therefore will serve the interest of justice.

53. Nautilus contends that the claims and alleged damages that are the subject of the Underlying Lawsuit are precluded from coverage based upon the Limitation Of Coverage To Designated Operations Endorsement.

WHEREFORE, Plaintiff Nautilus prays that this Honorable Court:

(a) enter a declaratory judgment declaring that Plaintiff Nautilus has no duty to defend Defendants Thomas, Money Enterprise, and Price against the claims

asserted against them in the Underlying Lawsuit pursuant to the Limitation Of Coverage To Designated Operations Endorsement;

(b) enter a declaratory judgment declaring that Plaintiff Nautilus has no duty to indemnify Defendants Thomas, Money Enterprise, and Price for the claims asserted against them in the Underlying Lawsuit pursuant to the Limitation Of Coverage To Designated Operations Endorsement;

(c) award Plaintiff Nautilus the cost of the action; and

(d) award any other relief the Court deems just and proper.

## **COUNT IV – DECLARATORY RELIEF**

54. Nautilus adopts and incorporates by reference all allegations contained in Paragraphs 1 through 43 as though completely and fully set forth herein.

55. Strictly in the alternative to all preceding Counts, pursuant to Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Nautilus seeks a judicial declaration of its rights and duties under the Policy with respect to the Underlying Lawsuit. Such a declaration will confer certain on the parties with respect to their rights and obligations under the Policy and will therefore serve the interest of justice.

56. Nautilus contends that the claims and alleged damages that are the subject of the Underling Lawsuit are precluded from coverage to the extent they fall within the Punitive or Exemplary Damages Exclusion.

WHEREFORE, Plaintiff Nautilus prays this Honorable Court:

(e) enter a declaratory judgment declaring that Plaintiff Nautilus has no duty to indemnify Defendants Thomas, Money Enterprise, and Price with respect to any

punitive damages alleged in the Underlying Lawsuit that fall within the ambit of the aforementioned exclusion;

(f) award Plaintiff Nautilus the costs of this action; and

(g) award any other relief the Court deems just and proper.

Respectfully submitted this the 18th day of April 2017.

/s/ Robert M. Kennedy, Jr.
Kevin M. O'Brien
N.C. State Bar No. 43373
kevin.obrien@phelps.com
Robert M. Kennedy, Jr.
N.C. State Bar No. 36865
robert.kennedy@phelps.com
Phelps Dunbar LLC
4140 ParkLake Avenue, Suite 100
Raleigh, North Carolina 27612
Phone: (919) 789-5300
Fax: (919) 789-5301

*Attorneys for Plaintiff Nautilus Insurance Company*